**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 NOV 21 AM 11: 17

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LINA ARGUELLES and MARIO AMARAN,

        **Plaintiffs,**        CASE NO.: 6:16-cv-2024-Orl-37-TBS

vs.

NOOR BAIG, INC. d/b/a 7-ELEVEN
STORE #36041A, a Florida Profit
Corporation,

        **Defendant.**        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, LINA ARGUELLES ("ARGUELLES") and MARIO AMARAN ("AMARAN") (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned attorneys, sue Defendant, NOOR BAIG, INC. d/b/a 7-ELEVEN STORE #36041A, a Florida Profit Corporation ("7-ELEVEN" or "Defendant") and allege:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff, ARGUELLES was a resident of Orange County, Florida.

4. At all times material hereto, Plaintiff, AMARAN was a resident of Orange

County, Florida.

5. Defendant, 7-ELEVEN, is a Florida Profit Corporation, operating and conducting business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

## COVERAGE

6. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

8. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. groceries, cleaning products, cash registers, and/or office supplies).

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. Additionally, Plaintiffs were individually engaged in interstate commerce during their employment with Defendant as they ran credit card transactions which transacted business in

interstate commerce on a daily basis and also handled such goods as groceries, liquor, and cigarettes which had travelled in interstate commerce on a daily basis.

## GENERAL ALLEGATIONS

12. Defendant operates as a convenient store and gas station located at 4011 W Oak Ridge Road, Orlando, Florida 32809.

13. Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

14. Defendant was an "employer" of the Plaintiffs within the meaning of the FLSA.

15. Plaintiff, ARGUELLES worked as a cashier for Defendant from approximately September 2015 to August 2016.

16. Plaintiff, AMARAN worked as a cashier for Defendant from approximately February 2016 to August 2016.

17. Plaintiff, ARGUELLES earned $8.05 per hour while providing services as a cashier for Defendant.

18. Plaintiff, AMARAN earned $8.05 per hour while providing services as a cashier for Defendant.

19. Plaintiffs were entitled to receive at least the statutory minimum wage rate for all hours worked per workweek.

20. Plaintiffs routinely worked hours without receiving the statutory minimum wage for all hours worked per week during one or more workweeks.

21. Plaintiffs routinely worked more than forty (40) hours during one or more workweeks throughout their employment with Defendant.

22. Despite working more than forty (40) hours per week during one or more workweeks, Defendant failed to pay Plaintiffs overtime compensation at a rate of time and one-

half times their regular rate of pay for each of their hours worked over forty (40) in a workweek.

23. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs.

24. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

25. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

26. Defendant failed to maintain proper time records as mandated by law.

27. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

28. Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

29. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-28 above.

30. Plaintiffs were entitled to be paid the full minimum wage for all hours worked during their employment with Defendant.

31. Plaintiffs were entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendant pursuant to 29 C.F.R. 778.5.

32. Plaintiffs routinely worked hours on behalf of Defendant without receiving proper minimum wage compensation.

33. Plaintiff, ARGUELLES, worked multiple hours without receiving any compensation which resulted in unpaid minimum wages during one or more workweeks.

34. Plaintiff, AMARAN, did not receive his last paycheck which resulted in unpaid minimum wages.

35. Defendant willfully failed to pay minimum wage compensation contrary to 29 U.S.C. §206.

36. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

38. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

   a. Awarding Plaintiffs their unpaid minimum wages;
   b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;
   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and
   d. Ordering any other further relief the Court deems just and proper.

**COUNT II - RECOVERY OF OVERTIME COMPENSATION**

39. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-

28 above.

40. Plaintiffs worked in excess of forty (40) hours per week during one or more work weeks.

41. Plaintiffs did not earn at least one and one-half compensation for their hours worked in excess of forty (40) hours per week.

42. Plaintiffs should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

43. Defendant knew or had reason to know that Plaintiffs worked in excess of forty (40) hours per week during one or more work weeks of their employment.

44. Defendant knew its conduct violated the FLSA or acted in reckless disregard for its provisions.

45. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

47. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant;

    a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week;

b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 17 day of November, 2016.

Kimberly De Arcangelis, Esquire
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: Kimd@forthepeople.com
Attorneys for Plaintiffs