UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINA ARGUELLES and MARIO
AMARAN,

       Plaintiffs,                    CASE NO.:  6:16-CV-02024-RBD-TBS

vs.

NOOR BAIG INC. d/b/a 7-ELEVEN
STORE #36041A, a Florida Profit
Corporation,

       Defendant.               /

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS AND INCORPORATED MEMORANDUM OF LAW

The Plaintiffs, LINA ARGUELLES and MARIO AMARAN (the "Plaintiffs"), and the named Defendant, NOOR BAIG INC. d/b/a 7-ELEVEN STORE #36041A (the "Defendant") (all parties collectively referred to as the "Parties"), jointly request this Court approve the Parties' settlement of the above-captioned matter.  Because Plaintiffs' action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties request that the compromised settlement be approved by this Court.  The Parties' executed FLSA Settlement Agreements (the "Settlement Agreements") are attached as Exhibit "A."

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353

(11th Cir. 1982).   Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement.   *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).   In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v.Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1226 (M.D. Fla 2009).   Indeed, at least one judge, Judge Gregory A. Presnell, has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227.   Judge Presnell further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement

2

does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

## II.   Facts and Settlement Terms

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against the Defendant.  The proposed settlement arises out of an action brought by the Plaintiffs against their alleged former employer, which was adversarial in nature.  During the litigation and settlement of this action, the Plaintiffs were represented by experienced counsel.

The Parties agree the instant action involves disputed issues.  Specifically, there are issues as to whether Defendant properly paid Plaintiffs minimum wage and overtime compensation for all hours worked, and, if so, whether Defendant knew or should have known Plaintiffs had worked such hours.  Named Defendant, Noor Baig Inc. ("N.B.") is owned by Individual owner, Mirza R. Baig ("Mirza").  Mirza also owns and operates Mughalai Enterprises, Inc. ("M.E."). Plaintiffs performed duties for both N.B. and M.E. as franchisees for 7-Eleven, Inc. and therefore all have all been listed as "Released Parties" within the Parties' executed Settlement Agreements.  N.B. and M.E. assert that they maintained legally-compliant and automated payroll policies and procedures to pay employees, including Plaintiffs overtime, and did pay employees, including Plaintiffs, overtime on a regular basis.

Defendant asserts that after Plaintiffs had a house fire, N.B., through Mirza, extended Plaintiffs an interest-free personal loan. Defendant asserts that there was a verbal agreement for Plaintiffs to repay Defendant through work for N.B.  Defendant asserts that the verbal agreement

3

apparently resulted in Plaintiffs working more than 40 hours in a given workweek. N.B. and Mirza represent that the work performed by Plaintiffs to repay the loan was not processed through N.B.'s payroll procedures, and thus to the extent such work exceeded 40 hours in any given week, N.B. may have inadvertently failed to pay Plaintiffs overtime during one or more workweeks.  However, the Parties are in dispute over the number of overtime hours worked and the amount of compensation due, if any.  Plaintiff, Arguelles, estimates that she is due a maximum of $3,600.00 in unpaid wages and Plaintiff, Amaran, estimates that he is due a maximum of $3,517.00 in unpaid wages.  Defendant denies owing Plaintiffs any unpaid wages, but even if it were to owe Plaintiffs any unpaid wages, the amount would be nominal.

Plaintiffs filed their Complaint on November 21, 2016.  Since then, the undersigned and counsel for Defendant, Andrew Spark, exchanged documents and engaged in multiple settlement discussions.  The case was resolved by counsel for the Parties, with Plaintiff, Arguelles, receiving a total of $3,500, which represents a total of (1) $1,875.00 in alleged unpaid overtime compensation, minimum wages and liquidated damages, (2) $125.00 as separate consideration for the execution of the mutual general release, and (3) $1,500.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action; and with the Plaintiff, Amaran, receiving a total of $3,500, which represents a total of (1) $1,875.00 in alleged unpaid overtime compensation, minimum wages and liquidated damages, (2) $125.00 as separate consideration for the execution of the mutual general release, and (3) $1,500.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action. Plaintiffs acknowledge the difficulties in proving certain hours worked while off-the-clock and also acknowledge that N.B. likely did not meet the revenue threshold required to be a covered enterprise subject to the FLSA.  Defendant, on the other hand, acknowledges the time and

expense involved in litigating this type of case. The Parties therefore agree that they have reached a reasonable compromise in this matter.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Additionally, the amount set aside for attorneys' fees and costs was negotiated and agreed upon separately and without regard to the amounts paid to Plaintiffs. The Parties, through their attorneys, voluntarily agreed to the settlement terms of their settlement during negotiations. All Parties were advised and represented by counsel throughout the litigation and settlement process.

### III.    Conclusion

The Parties jointly and respectfully request this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Respectfully submitted this 22nd day of February, 2017.


s/ Kimberly De Arcangelis\
Kimberly De Arcangelis, Esq.\
Bar No.:  0025871\
MORGAN & MORGAN, P.A.\
20 N. Orange Avenue\
Suite 1600\
Orlando, Florida 32801\
Telephone:  (407) 420-1414\
Facsimile:  (407) 245-3383\
E-Mail:  kimd@forthepeople.com\
*Attorney for Plaintiffs*

s/ Andrew Bennett Spark\
Andrew Bennett Spark, Esq.\
Bar No.:  899811\
SparkLaw\
E-Mail:  abspark@msn.com\
9654 W. Linebaugh Ave., #187\
Tampa, Florida  33626\
Telephone:  (941) 321-5927\
Fax:  (813) 441-1117\
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of February, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of

electronic filing to:

Kimberly De Arcangelis, Esquire             Andrew Bennett Spark, Esquire
Morgan & Morgan, P.A.                       SparkLaw
20 North Orange Avenue, 14th Floor          9654 W. Linebaugh Ave., #187
Orlando, Florida 32801                      Tampa, Florida  33626
E-mail:  kimd@forthepeople.com              E-Mail:  abspark@msn.com

                                            *s/ Kimberly De Arcangelis*
                                            Kimberly De Arcangelis