# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Mario Amaran**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Amaran") (hereinafter referred to collectively as "Amaran") and **Noor Baig Inc. d/b/a 7-Eleven Store #36041A, Mirza R. Baig** ("Mirza"), Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A), and 7-Eleven Inc. (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Arguelles and The Released Parties shall collectively be referred to as the "Parties." Mirza has, at all material times, been President of Noor Baig Inc. and Mughalai Enterprises, Inc. the only officer of either said corporation, and the only individual at either said corporation responsible for payroll and payment of same. This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Amaran.

WHEREAS, Amaran was employed by Noor Baig Inc. d/b/a 7-Eleven Store #36041A,

WHEREAS, Amaran has alleged unlawful employment practices in violation of Florida and Federal law against Noor Baig Inc. by filing a lawsuit titled, *Arguelles, Lina et al. v. Noor Baig, Inc. d/b/a 7-Eleven Store #36041A*, Case No.: 6:16-cv-2024-Orl-37TBS, which includes allegations which the Released Parties vehemently deny,

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Amaran.** Noor Baig Inc. agrees to pay to Amaran the total amount of Three Thousand Five Hundred Dollars ($3,500.00), allocated as follows:

A.    **Installment One (Due on or before February 17, 2017):**

i.    A check in the amount of $1,750.00 made payable to Mario Amaran representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

B.    **Installment Two (Due on or before March 10, 2017):**

i.    A check in the amount of $250.00 made payable to Mario Amaran representing $125.00 for alleged unpaid overtime and minimum wages and $125.00 as separate consideration for the promises made in Paragraph four (4) of this Agreement. No deductions shall be made from this check and a Form 1099 shall be issued; and

iii.    A check in the amount of $1,500.00 made payable to his attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described in Paragraph 1 of this Agreement shall be due in Amaran's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) on or before the dates specified therein. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at Andrew Spark, Esquire via electronic mail at abspark@msn.com.   In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar days of the written notice, the Parties stipulate to a final judgment against Noor Baig Inc. d/b/a 7-

Eleven Store #36041A and Mirza R. Baig, jointly and severally, for the balance of all payments due under this Agreement, plus an additional $500.00 as liquidated damages, plus attorneys' fees and costs incurred in securing such judgment.

Morgan and Morgan, P.A. and Kim De Arcangelis, Esquire agree to hold all settlement checks described in Paragraph 1 of this Agreement in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

3. **Amaran's Obligations to the Released Parties.** Except as outlined in Paragraph 1 of this Agreement, Amaran acknowledges that no other payments are due and owing to him as a result of the hours worked during his employment with the Released Parties. Amaran shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties or anyone else that in any way involve allegations or facts arising from the hours worked during his employment with, or in connection to, the Released Parties in any forum as of the date of execution of this Agreement.

4. **Mutual General Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether

3

fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing before the date of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

5.    **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6.    **Waiver of Reinstatement and Neutral Reference.** Amaran agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties.  Amaran further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.  If any prospective employer contacts The Released Parties regarding Amaran, The Released Parties will give a neutral reference indicating only Amaran's dates of employment, regular hourly pay rate(s) and position.

7.    **Confidentiality.** Except where compelled by law, the Parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s),

4

attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Amaran agrees only to state that he has elected not to pursue the matter further.

8. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

9. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

10. **Severability.** If Paragraph four (4) or six (6) of this Agreement shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement shall not be affected thereby and shall be enforced to the greatest extent permitted by law. The other plaintiff to this action, Mario Amaran's Wife Lina Arguelles, has also entered into a settlement agreement to resolve this action. The Released Parties have entered into the settlement agreements in the expectation that the settlement with each plaintiff is dependent upon the settlement with both plaintiffs.

11. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement

in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13.    **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles.  The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

14.    **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15.    **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

16.    **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Amaran has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig have consulted with and been advised Andrew Bennett Spark, Esquire in this matter and are satisfied that Mr. Spark has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

18. **Full and Knowing Acceptance.** This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: **02-10-17**      _____

**MARIO AMARAN**


**NOOR BAIG INC. d/b/a 7-ELEVEN STORE #36041A**

Date: _02 - 15 - 17_      _____
Sign
Print Name: ___MIRZA R. BAIG___
Representative of Noor Baig Inc. d/b/a 7-Eleven Store #36041A

7

**MIRZA R. BAIG**

Date: 02 - 15 - 2017

Sign
Print Name: MIRZA R. BAIG


**MUGHALAI ENTERPRISES, INC. a/k/a**
**MUGHALAI ENTERPRISES INC. and a/k/a**
**7-ELEVEN STORE #30045A**

Date: 02 - 15 - 2017

Sign
Print Name: MIRZA R. BAIG
Mughalai Enterprises, Inc. (a/k/a Mughalai
Enterprises Inc. and a/k/a 7-Eleven Store #30045A)

8

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Lina Arguelles**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Arguelles") (hereinafter referred to collectively as "Arguelles") and **Noor Baig Inc. d/b/a 7-Eleven Store #36041A, Mirza R. Baig** ("Mirza"), Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A), and 7-Eleven Inc. (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Arguelles and The Released Parties shall collectively be referred to as the "Parties." Mirza has, at all material times, been President of Noor Baig Inc. and Mughalai Enterprises, Inc. the only officer of either said corporation, and the only individual at either said corporation responsible for payroll and payment of same. This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Arguelles.

WHEREAS, Arguelles was employed by Noor Baig Inc. d/b/a 7-Eleven Store #36041A,

WHEREAS, Arguelles has alleged unlawful employment practices in violation of Florida and Federal law against Noor Baig Inc. by filing a lawsuit titled, *Arguelles, Lina et al. v. Noor Baig, Inc. d/b/a 7-Eleven Store #36041A*, Case No.: 6:16-cv-2024-Orl-37TBS, which includes allegations which the Released Parties vehemently deny,

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.    **Released Parties' Obligations to Arguelles.** Noor Baig Inc. agrees to pay to Arguelles the total amount of Three Thousand Five Hundred Dollars ($3,500.00), allocated as follows:

A.    <u>**Installment One (Due on or before February 17, 2017):**</u>

i.    A check in the amount of $1,750.00 made payable to Lina Arguelles representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

B.    <u>**Installment Two (Due on or before March 10, 2017:**</u>

i.    A check in the amount of $250.00 made payable to Lina Arguelles representing $125.00 for alleged unpaid overtime and minimum wages and $125.00 as separate consideration for the promises made in Paragraph four (4) of this Agreement. No deductions shall be made from this check and a Form 1099 shall be issued; and

iii.    A check in the amount of $1,500.00 made payable to her attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described in Paragraph 1 of this Agreement shall be due in Arguelles' counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) on or before the dates specified therein. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at Andrew Spark, Esquire via electronic mail at abspark@msn.com. In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar days of the written notice, the Parties stipulate to a final judgment against Noor Baig Inc. d/b/a 7-

Eleven Store #36041A and Mirza R. Baig, jointly and severally, for the balance of all payments due under this Agreement, plus an additional $500.00 as liquidated damages, plus attorneys' fees and costs incurred in securing such judgment.

Morgan and Morgan, P.A. and Kim De Arcangelis, Esquire agree to hold all settlement checks described in Paragraph 1 of this Agreement in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2.      **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

3.      **Arguelles's Obligations to the Released Parties.** Except as outlined in Paragraph 1 of this Agreement, Arguelles acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment with the Released Parties. Arguelles shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties or anyone else that in any way involve allegations or facts arising from the hours worked during her employment with, or in connection to, the Released Parties in any forum as of the date of execution of this Agreement.

4.      **Mutual General Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether

3

fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause or thing before the date of this Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

5.      **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6.      **Waiver of Reinstatement and Neutral Reference.** Arguelles agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties.  Arguelles further agrees that the Released Parties shall not be under any obligation to employ or contract with her and that, should any application be made by her, the Released Parties shall not have any obligation to process that application or to hire her and that the failure to process the application or to hire her shall not constitute a violation of any local, state or federal law.  If any prospective employer contacts The Released Parties regarding Arguelles, The Released Parties will give a neutral reference indicating only Arguelles's dates of employment, regular hourly pay rate(s) and position.

7.      **Confidentiality.** Except where compelled by law, the Parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s),

4

attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Arguelles agrees only to state that she has elected not to pursue the matter further.

8.      **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1

9.      **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

10.     **Severability.** If Paragraph four (4) or six (6) of this Agreement shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement shall not be affected thereby and shall be enforced to the greatest extent permitted by law. The other plaintiff to this action, Lina Arguelles' husband Mario Amaran, has also entered into a settlement agreement to resolve this action. The Released Parties have entered into the settlement agreements in the expectation that the settlement with each plaintiff is dependent upon the settlement with both plaintiffs.

11.     **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12.     **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement

in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

14. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

16. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

6

17.     **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Arguelles has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided her with excellent legal advice and has explained to her all of her options in connection with this Agreement. In addition, Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig have consulted with and been advised Andrew Bennett Spark, Esquire in this matter and are satisfied that Mr. Spark has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

18.     **Full and Knowing Acceptance.** This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: **02-10-17**

LINA ARGUELLES

Date: _02 – 15 – 2017_

NOOR BAIG INC. d/b/a 7-ELEVEN STORE #36041A

Sign
Print Name: _MIRZA R. BAIG_
Representative of Noor Baig Inc. d/b/a 7-Eleven Store #36041A

**MIRZA R. BAIG**

Date: 02 - 15 - 2017

Sign _____

Print Name: _MIRZA R. BAIG_

**MUGHALAI ENTERPRISES, INC. a/k/a**
**MUGHALAI ENTERPRISES INC. and a/k/a**
**7-ELEVEN STORE #30045A**

Date: 02 - 15 - 17

Sign _____

Print Name: _MIRZA R. BAIG_

Mughalai Enterprises, Inc. (a/k/a Mughalai
Enterprises Inc. and a/k/a 7-Eleven Store #30045A)

8