# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LINA ARGUELLES; and MARIO AMARAN,

        Plaintiffs,

v.                                        Case No. 6:16-cv-2024-Orl-37TBS

NOOR BAIG, INC.,

        Defendant.

## ORDER

This cause is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreements and Incorporated Memorandum of Law (Doc. 18), filed February 22, 2017.

The parties to this action jointly request that the Court approve their agreements settle Plaintiffs' claims for unpaid overtime wages under the Fair Labor Standards Act ("**FLSA**"). (Doc. 18 ("**Motion**"); *see also* Doc. 18-1 ("**Settlement Agreements**").)[1] Upon consideration, the Court finds that the Motion is due to be denied and that the Settlement Agreements are due to be rejected.

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels,*

---

[1] Apart from addressing each Plaintiff separately, the Settlement Agreements are identical.

*Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *see also Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

Specifically, in FLSA actions, district courts must scrutinize any settlement "for fairness" before entering a stipulated judgment. *See Nall v. Mal-Motels, Inc.*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). To do so, a court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food,* 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

The instant Settlement Agreements contain several provisions that prevent them from constituting fair and reasonable compromises of the issues in dispute. In particular, the Settlement Agreements contain: (1) a general release and waiver of all Plaintiffs' claims against Defendant and two non-parties—Mirza R. Baig ("**Baig**") and Mughalai Enterprises ("**ME**")[2] ("**General Release**"); (2) a confidentiality provision; and (3) a no re-employment provision. (*See* Doc. 18–1, pp. 4–5, 12–13.)

Though the parties represent that Plaintiffs will receive additional consideration for

---

[2] In their Motion, the parties represent that Baig not only owned Defendant Noor Baig, Inc. ("**Noor**"), but also owned and operated ME. (*See* Doc. 18, p. 3.) According to the parties, Plaintiffs performed duties for both Noor and ME. (*Id.*)

2

the inclusion of the General Release in the Settlement Agreements, the Court no longer approves such consideration because the value of a general release is incalculable. Additionally, as plaintiffs can only compromise FLSA claims on the basis of a "dispute over FLSA provisions," concessions unrelated to the substance of FLSA claims have no place in FLSA settlements. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). Indeed, a plaintiff's FLSA claim—which is intended to remedy a defendant's violation of mandatory law—should not be used as leverage to procure a general release of all possible claims. *Cf. Lynn's Food*, 679 F.2d at 1352 (recognizing that "[t]he FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours"). For the same reasons, a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party.[3] Nevertheless, the Court will permit the parties to submit briefing on whether the specific release of a non-party is permissible in the FLSA context.

Also fatal to the Motion is the confidentiality provision. Courts in the U.S. District Court for the Middle District of Florida, and this Court in particular, routinely reject such provisions in FLSA settlement agreements. *See, e.g.*, *Weldon v. Backwoods Steakhouse, Inc.*, 6:14-cv-79-Orl-37TBS, 2014 WL 4385593 (M.D. Fla. Sept. 4, 2014); *Housen v. Econosweep & Maint. Servs., Inc.*, 3:12-cv-461-J-34TEM, 2013 WL 2455958 (M.D. Fla June 6, 2013). As an initial matter, confidentiality provisions, "both contravene[] the legislative purpose of the FLSA and undermine[] the Department of Labor's regulatory

---

[3] What's more is that Noor is the only party purportedly required to pay the consideration in exchange for the General Release encompassing Noor, Baig, and ME. (*See* Doc. 18-1, pp. 3, 11.)

3

effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Moreover, these provisions fly in the face of the presumption favoring openness and judicial transparency, which is strongest in an FLSA wage-settlement agreement between an employee and an employer. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263–64 (M.D. Ala. 2013). Such provisions are also wholly unrelated to Plaintiffs' FLSA claims and, thus, have no place in what is intended to be a "fair and reasonable resolution of a bona fide dispute over *FLSA provisions.*" *See Lynn's Food*, 679 F.2d at 1355. The same can be said for the no re-employment provision.

Practical as it may seem to bundle all of the parties' potential disputes into one resolution, the law is clear that there is no basis for leveraging an employee to execute a release of claims outside the context of the FLSA simply to receive payment of the compensation to which he or she is entitled by law. In light of the foregoing, the Settlement Agreements are due to be rejected and the Motion is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The parties' Joint Motion for Approval of FLSA Settlement Agreements and Incorporated Memorandum of Law (Doc. 18) is **DENIED**.
2. The parties' Settlement Agreements (Doc. 18-1) are **REJECTED**.
3. On or before, Thursday, **March 9, 2017**, the parties may move for approval of amended settlement agreements consistent with the terms of this Order. Such briefing should include authority for the proposition that an FLSA settlement agreement may properly release non-parties.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 23, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record