# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Lina Arguelles**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Arguelles") (hereinafter referred to collectively as "Arguelles") and **Noor Baig Inc. d/b/a 7-Eleven Store #36041A, Mirza R. Baig** ("Mirza"), Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A), and 7-Eleven Inc. (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Arguelles and The Released Parties shall collectively be referred to as the "Parties." Mirza has, at all material times, been President of Noor Baig Inc. and Mughalai Enterprises, Inc. the only officer of either said corporation, and the only individual at either said corporation responsible for payroll and payment of same. This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Arguelles.

WHEREAS, Arguelles was employed by Noor Baig Inc. d/b/a 7-Eleven Store #36041A,

WHEREAS, Arguelles has alleged unlawful employment practices in violation of Florida and Federal law against Noor Baig Inc. by filing a lawsuit titled, *Arguelles, Lina et al. v. Noor Baig, Inc. d/b/a 7-Eleven Store #36041A*, Case No.: 6:16-cv-2024-Orl-37TBS, which includes allegations which the Released Parties vehemently deny,

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Arguelles.** Noor Baig Inc. agrees to pay to Arguelles the total amount of Three Thousand Five Hundred Dollars ($3,500.00), allocated as follows:

A. **Installment One (Due on or before March 6, 2017)[1]:**

i. A check in the amount of $1,750.00 made payable to Lina Arguelles representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

B. **Installment Two (Due on or before March 17, 2017):**

i. A check in the amount of $250.00 made payable to Lina Arguelles representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

ii. A check in the amount of $1,500.00 made payable to her attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described in Paragraph 1 of this Agreement shall be due in Arguelles's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) on or before the dates specified therein. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at Andrew Spark, Esquire via electronic mail at abspark@msn.com. In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar

---

[1] Installment one has been received by Plaintiffs' counsel and will continue to be held in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2

days of the written notice, the Parties stipulate to a final judgment against Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig, jointly and severally, for the balance of all payments due under this Agreement, plus an additional $500.00 as liquidated damages, plus attorneys' fees and costs incurred in securing such judgment. Morgan and Morgan, P.A. and Kim De Arcangelis, Esquire agree to hold all settlement checks described in Paragraph 1 of this Agreement in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.**  Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

3. **Arguelles's Obligations to the Released Parties**. Except as outlined in Paragraph 1 of this Agreement, Arguelles acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment with the Released Parties.  Arguelles shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties or anyone else that in any way involve allegations or facts arising from the hours worked during her employment with, or in connection to, the Released Parties in any forum as of the date of execution of this Agreement.

4. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this

Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7. Non-**Severability.** The other plaintiff to this action, Lina Arguelles' Husband Mario Amaran, has also entered into a settlement agreement to resolve this action. The Released Parties have entered into the settlement agreements in the expectation that the settlement with each plaintiff is dependent upon the settlement with both plaintiffs.

8. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

10. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

11. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have

not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

12. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

13. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

14. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Arguelles has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided her with excellent legal advice and has explained to him all of her options in connection with this Agreement. In addition, Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig have consulted with and been advised Andrew Bennett Spark, Esquire in this matter and are satisfied that Mr. Spark has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

15. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read

this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 03/07/17

_____
**LINA ARGUELLES**

**NOOR BAIG INC. d/b/a 7-ELEVEN STORE #36041A**

Date: 03/09/17

_____
Sign
Print Name: MIRZA R. BAIG
Representative of Noor Baig Inc. d/b/a 7-Eleven Store #36041A

**MIRZA R. BAIG**

Date: 03/09/17

_____
Sign
Print Name: MIRZA R. BAIG

**MUGHALAI ENTERPRISES, INC. a/k/a MUGHALAI ENTERPRISES INC. and a/k/a 7-ELEVEN STORE #30045A**

Date: 03/09/17

_____
Sign
Print Name: MIRZA R. BAIG
Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A)

<u>FLSA SETTLEMENT AGREEMENT</u>

This FLSA Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Mario Amaran**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Amaran") (hereinafter referred to collectively as "Amaran") and **Noor Baig Inc. d/b/a 7-Eleven Store #36041A, Mirza R. Baig** ("Mirza"), Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A), and 7-Eleven Inc. (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Arguelles and The Released Parties shall collectively be referred to as the "Parties." Mirza has, at all material times, been President of Noor Baig Inc. and Mughalai Enterprises, Inc. the only officer of either said corporation, and the only individual at either said corporation responsible for payroll and payment of same. This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Amaran.

WHEREAS, Amaran was employed by Noor Baig Inc. d/b/a 7-Eleven Store #36041A,

WHEREAS, Amaran has alleged unlawful employment practices in violation of Florida and Federal law against Noor Baig Inc. by filing a lawsuit titled, *Arguelles, Lina et al. v. Noor Baig, Inc. d/b/a 7-Eleven Store #36041A*, Case No.: 6:16-cv-2024-Orl-37TBS, which includes allegations which the Released Parties vehemently deny,

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.     **Released Parties' Obligations to Amaran.** Noor Baig Inc. agrees to pay to Amaran the total amount of Three Thousand Five Hundred Dollars ($3,500.00), allocated as follows:

A.     **Installment One (Due on or before March 6, 2017)[1]:**

i.     A check in the amount of $1,750.00 made payable to Mario Amaran representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

B.     **Installment Two (Due on or before March 17, 2017):**

i.     A check in the amount of $250.00 made payable to Mario Amaran representing alleged unpaid overtime and minimum wages and alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

ii.     A check in the amount of $1,500.00 made payable to his attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described in Paragraph 1 of this Agreement shall be due in Amaran's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) on or before the dates specified therein. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email at Andrew Spark, Esquire via electronic mail at abspark@msn.com. In the event that The Released Parties fail to cure the default by delivering the late payment(s) to Plaintiff's counsel's office within three (3) calendar

---

[1] Installment one has been received by Plaintiffs' counsel and will continue to be held in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2

days of the written notice, the Parties stipulate to a final judgment against Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig, jointly and severally, for the balance of all payments due under this Agreement, plus an additional $500.00 as liquidated damages, plus attorneys' fees and costs incurred in securing such judgment. Morgan and Morgan, P.A. and Kim De Arcangelis, Esquire agree to hold all settlement checks described in Paragraph 1 of this Agreement in trust until the Court enters an Order approving this Agreement and dismissing the lawsuit with prejudice.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

3. **Amaran's Obligations to the Released Parties**. Except as outlined in Paragraph 1 of this Agreement, Amaran acknowledges that no other payments are due and owing to him as a result of the hours worked during his employment with the Released Parties. Amaran shall not initiate or instigate any future judicial or administrative proceedings against the Released Parties or anyone else that in any way involve allegations or facts arising from the hours worked during his employment with, or in connection to, the Released Parties in any forum as of the date of execution of this Agreement.

4. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this

3

Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7. Non-**Severability.** The other plaintiff to this action, Mario Amaran's Wife Lina Arguelles, has also entered into a settlement agreement to resolve this action. The Released Parties have entered into the settlement agreements in the expectation that the settlement with each plaintiff is dependent upon the settlement with both plaintiffs.

8. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

10. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

11. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have

not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

12. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

13. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

14. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Amaran has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Noor Baig Inc. d/b/a 7-Eleven Store #36041A and Mirza R. Baig have consulted with and been advised Andrew Bennett Spark, Esquire in this matter and are satisfied that Mr. Spark has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

15. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read

this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 03/07/17

*[signature]*

**MARIO AMARAN**

Date: 03/09/17

**NOOR BAIG INC. d/b/a 7-ELEVEN STORE #36041A**

*[signature]*

Sign
Print Name: MIRZA R. BAIG
Representative of Noor Baig Inc. d/b/a 7-Eleven Store #36041A

Date: 03/09/17

**MIRZA R. BAIG**

*[signature]*

Sign
Print Name: MIRZA R. BAIG

Date: 03/09/17

**MUGHALAI ENTERPRISES, INC. a/k/a MUGHALAI ENTERPRISES INC. and a/k/a 7-ELEVEN STORE #30045A**

*[signature]*

Sign
Print Name: MIRZA R. BAIG
Mughalai Enterprises, Inc. (a/k/a Mughalai Enterprises Inc. and a/k/a 7-Eleven Store #30045A)

6