UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINA ARGUELLES; and MARIO
AMARAN,

        Plaintiffs,

v.                                                                              Case No. 6:16-cv-2024-Orl-37TBS

NOOR BAIG, INC.,

        Defendant.

## ORDER

This cause is before the Court on the parties' Renewed Joint Motion for Approval of FLSA Settlement Agreements and Incorporated Memorandum of Law (Doc. 21), filed March 10, 2017.

In this action brought under the Fair Labor Standards Act ("**FLSA**"), the Court denied the parties' first motion for approval of the original settlement agreements (Doc. 18-1 ("**Original Settlement Agreements**")), as they contained impermissible confidentiality, general release, and no re-employment provisions. (*See* Doc. 19 ("**Denial Order**").) In the Denial Order, the Court noted its skepticism of the parties' purported release of non-parties and directed the parties to submit briefing on whether a specific release of a non-party is permissible in the FLSA context ("**Non-Party Release Issue**"). (*Id.* at 3.) On March 10, 2017, the parties submitted amended settlement agreements and renewed their request for Court approval. (Doc. 21 ("**Second Approval Motion**"); *see also*

Doc. 21-1 ("**Amended Settlement Agreements**").)[1]

Importantly, the parties have removed the offending general release, confidentiality, and no re-employment provisions from the Amended Settlement Agreements. (*See* Doc. 21-1.) The parties, however, did not brief the Non-Party Release Issue in their Second Approval Motion, yet the Amended Settlement Agreements still purport to release non-parties Mirza R. Baig and Mughalai Enterprises, Inc. (*See id.* at 2, 8.)

As noted in the Denial Order, the Court doubts the permissibility of a release of non-parties in the FLSA context (*See* Doc. 19, p. 3), and despite being given an opportunity to submit briefing on this issue, the parties have offered no contrary authority. Hence the Court declines to grant the Second Approval Motion as to the non-parties. Consequently, the agreement reached between Plaintiffs and the non-parties remains unenforceable. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1237–38 (M.D. Fla. 2010) (stating that "the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The parties' Renewed Joint Motion for Approval of FLSA Settlement Agreements and Incorporated Memorandum of Law (Doc. 21) is **GRANTED IN PART** to the extent that the parties seek approval of the

---

[1] As with the Original Settlement Agreements, the Amended Settlement Agreements are identical, apart from addressing each Plaintiff separately. (*See* Doc. 21-1.)

settlement agreements (Doc. 21-1) between named parties Lina Arguelles, Mario Amaran, and Noor Baig, Inc.

2. The parties' Amended Settlement Agreements (Doc. 21-1) are **APPROVED IN PART AND REJECTED IN PART**.

   a. The Amended Settlement Agreements are approved as to the named parties only.

   b. The Amended Settlement Agreements are rejected and, thus, unenforceable as to non-parties Mirza R. Baig and Mughalai Enterprises, Inc.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record